

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :    INDICTMENT

             - v. -                :    (S5) 90 Cr. 913 (DNE)

BERNARD BARNETT, a/k/a "Barney,"   :
and ANTONIO HENDRICKSON,
     a/k/a "Tony,"                 :

             Defendants.           :
- - - - - - - - - - - - - - - - - - x

COUNT ONE

The Grand Jury charges:

1. From in or about January 1986 to the date of the filing of this Indictment, in the Southern District of New York and elsewhere, BERNARD BARNETT, a/k/a "Barney," and ANTONIO HENDRICKSON, a/k/a "Tony," the defendants, together with Justine Roberts, Warner Boyd, Clementine Roberts, Richard Love, a/k/a "Ronnie," Frank Costanz, a/k/a "Mike," Judy Smith, Darlene Cohen, a/k/a "Darlene Bonet," and others known and unknown to the Grand Jury, unlawfully, intentionally, and knowingly combined, conspired, confederated, and agreed together and with each other to violate Sections 812, 841(a)(1) and 841(b)(1)(A) of Title 21, United States Code.

2. It was a part and object of this conspiracy that the defendants and their co-conspirators would and did distribute and possess with intent to distribute a controlled substance, to wit, more than one kilogram of mixtures and substances containing a detectable amount of heroin.

CERTIFIED AS A TRUE COPY ON

THIS DATE  1/9/2013

BY _____
            ( ) Clerk
            (x) Deputy

3. It was a further part and object of this conspiracy that the defendants and their co-conspirators would and did distribute and possess with intent to distribute a controlled substance, to wit, more than 50 grams of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack."

4. It was a further part and object of this conspiracy that the defendants and their co-conspirators would and did distribute and possess with intent to distribute a controlled substance, to wit, mixtures and substances containing a detectable amount of cocaine.

### Means and Methods of the Conspiracy

The means and methods by which the defendants and their co-conspirators conducted their narcotics trafficking are set forth as follows:

a. members of the conspiracy purchased, prepared, packaged, and distributed narcotics.

b. members of the conspiracy stored currency, narcotics, and narcotics paraphernalia in stash houses.

c. members of the conspiracy obtained, possessed, stored and otherwise utilized firearms and ammunition in conjunction with their narcotics distribution.

d. members of the conspiracy utilized paging devices, mobile telephones, and public telephones to contact and communicate with each other in an effort to conceal their illegal activities.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

1. Between mid-1988 and December 1990, Frank Costanz, a/k/a "Mike," supplied heroin to Justine Roberts and received sums of cash from Justine Roberts.

2. On January 24, 1990, in the vicinity of the Ebony Lounge, 1496 Fifth Avenue, New York, New York, Justine Roberts handed an undercover police officer a bag containing heroin and received $4100 from the officer.

3. On February 20, 1990, in the vicinity of the Ebony Lounge, 1496 Fifth Avenue, New York, New York, Justine Roberts handed a bag containing heroin to an undercover police officer and received $8200 from the officer.

4. Between March and May 1990, Justine Roberts spoke by telephone with ANTONIO HENDRICKSON, a/k/a "Tony," on numerous occasions, and discussed obtaining narcotics from HENDRICKSON.

5. In March 1990, Justine Roberts spoke by telephone with Judy Smith about money owed by Roberts to ANTONIO HENDRICKSON, a/k/a "Tony."

6. On March 29, 1990, in the vicinity of 138th Street and Cypress Avenue, Bronx, New York, Justine Roberts handed a bag containing heroin to an undercover officer and received $16,200 from the undercover officer.

7. On April 25, 1990, Justine Roberts telephoned Judy

3

Smith that she had something for Smith to give to ANTONIO HENDRICKSON, a/k/a "Tony."

8. On May 2, 1990, Justine Roberts spoke with ANTONIO HENDRICKSON, a/k/a "Tony," and asked HENDRICKSON if he could supply two ounces of heroin which had been ordered from Roberts by an undercover officer. HENDRICKSON offered to provide Roberts with a sample of heroin.

9. On May 2, 1990, in the vicinity of 139th Street and Cypress Avenue, Bronx, New York, Justine Roberts handed two plastic bags containing approximately 200 vials of cocaine base ("crack") to an undercover police officer and received $1000 from the officer.

10. On June 7, 1990, in the vicinity of 140th Street and Cypress Avenue, Justine Roberts handed a bag containing heroin to an undercover officer and received $24,000 from the officer.

11. On October 18, 1990, in the vicinity of 139th Street and Cypress Avenue, Bronx, New York, Justine Roberts handed approximately 319 vials containing a white, rock-like substance, and a bag containing heroin, to an undercover officer and received $7170 from the officer.

12. On November 15, 1990, BERNARD BARNETT, a/k/a "Barney," called Warner Boyd, and discussed with Boyd an eight ounce heroin order which had been placed by an undercover police officer.

13. On November 30, 1990, ANTONIO HENDRICKSON, a/k/a

4

called Justine Roberts and asked her what price she would charge for one-half ounce of heroin.

14. On December 8, 1990, Frank Costanz, a/k/a "Mike," spoke by telephone with an undercover police officer, and told the officer that he would arrange for a person named "Barney" to meet the officer.

15. On December 8, 1990, BERNARD BARNETT, a/k/a "Barney" telephoned an undercover police officer and identified himself as one of Mike's "helpers."

16. On December 8, 1990, in the vicinity of 123rd Street and Broadway, New York, New York, BERNARD BARNETT, a/k/a "Barney," met with an undercover police officer, and discussed selling one ounce of heroin to the officer.

17. On December 12, 1990, inside Apartment 2-S, 575 East 140th Street, Bronx, New York, Justine Roberts and Warner Boyd stored lactose, quinine, mannite, strainers, stamps, crack vials, and a triple beam scale.

18. On December 12, 1990, inside Apartment 2F, 1075 Nelson Avenue, Bronx, New York, Richard Love, a/k/a "Ronnie," and Clementine Roberts, stored a .38 caliber special revolver, a .25 caliber semi-automatic pistol, crack vials and caps, glassines of heroin, a triple beam scale, and strainers.

19. On December 12, 1990, inside Apartment 3-G, 1686 Metropolitan Avenue, Bronx, New York, ANTONIO HENDRICKSON, a/k/a "Tony," and Judy Smith stored hundreds of vials of cocaine base ("crack"), thousands of empty crack vials and caps, glassine

5

[...] and a triple beam scale.

20. On December 12, 1990, inside 111 Undercliff Street, Yonkers, New York, BERNARD BARNETT, a/k/a "Barney," stored a Winchester model 1200, 12-gauge shotgun, hundreds of vials containing crack cocaine, and narcotics paraphernalia including strainers, plastic baggies, a drug field-testing kit, a number of fake household items with false bottoms, sifters, spoon sets, stamps, and scales.

21. On December 13, 1990, inside 1499 North Avenue, New Rochelle, New York, Frank Costanz, a/k/a "Mike," possessed acetone, lactose, mannitol, a grinder, a heat sealer, plastic baggies, a 9 millimeter semi-automatic pistol, a loaded .38 caliber revolver, a .25 caliber Beretta, three silencers, a money counter, a scale, and two safes.

(Title 21, United States Code, Section 846.)

COUNT TWO

The Grand Jury further charges:

On or about December 12, 1990, in the Southern District of New York, ANTONIO HENDRICKSON, a/k/a "Tony," the defendant, together with Judy Smith, unlawfully, intentionally, and knowingly did possess with intent to distribute a controlled substance, to wit, more than fifty grams of mixtures and

mixtures containing a detectable amount of cocaine base in a form commonly known as "crack."

(Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A); Title 18, United States Code, Section 2.)

COUNT THREE

The Grand Jury further charges:

On or about December 12, 1990, in the Southern District of New York, BERNARD BARNETT, a/k/a "Barney," the defendant, unlawfully, intentionally, and knowingly did possess with intent to distribute a controlled substance, to wit, more than fifty grams of mixtures and substances containing a detectable amount of cocaine base in a form commonly known as "crack."

(Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).)

COUNT FOUR

The Grand Jury further charges:

On or about December 12, 1990, in the Southern District of New York, BERNARD BARNETT, a/k/a "Barney", the defendant, unlawfully, intentionally, and knowingly did possess with intent to distribute a controlled substance, to wit, a quantity of mixtures and substances containing a detectable amount of heroin.

(Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C).)

7

COUNT FIVE

The Grand Jury further charges:

On or about December 12, 1990, in the Southern District of New York, BERNARD BARNETT, a/k/a "Barney," the defendant, unlawfully, willfully, and knowingly did use and carry a firearm, to wit, a Winchester Model 1200, 12 gauge shotgun, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit, possession of heroin with the intent to distribute it, and possession of cocaine base ("crack") with the intent to distribute it, as charged in Count Three and Count Four of this indictment.

(Title 18, United States Code, Section 924(c).)

COUNT SIX

The Grand Jury further charges:

On or about December 12, 1990, in the Southern District of New York, BERNARD BARNETT, a/k/a "Barney," the defendant, having been convicted on or about January 18, 1983, in United States District Court for the Southern District of New York of a crime punishable by imprisonment for a term exceeding one year, unlawfully, willfully, and knowingly did receive a firearm, to wit, a Winchester Model 1200, 12 gauge shotgun, which had been shipped and transported in interstate commerce, and did possess said firearm in and affecting interstate commerce.

(Title 18, United States Code, Section 922(g)(1).)

COUNT SEVEN

The Grand Jury further charges:

From in or about January 1990, to on or about December 12, 1990, in the Southern District of New York, BERNARD BARNETT, a/k/a "Barney," the defendant, unlawfully, intentionally, and knowingly did maintain a place, to wit, 111 Undercliff Street, Yonkers, New York, for the purpose of unlawfully manufacturing and distributing a controlled substance, to wit, mixtures and substances containing a detectable amount of heroin, and mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack."

(Title 21, United States Code, Section 856(a)(1).)

_____
FOREPERSON

_____
OTTO G. OBERMAIER
United States Attorney